[S. F. No. 2109.   In Bank.—June 19, 1903.]

## HENRY W. HEATH, Respondent, v. WILLIAM F. WILSON, Appellant, and EMMA H. CONLY, Respondent.

PREFERENCE OF CREDITORS—TRANSFER TO TRUSTEE—GOOD FAITH.—A debtor, though actually insolvent, if acting in good faith, without contemplation of insolvency, may lawfully transfer a part of his property for the purpose of paying or securing certain creditors in preference to others, if there is no bankrupt or insolvent law making a different disposition of such property. It is immaterial whether the transfer was made to a trustee for the benefit of the preferred creditors or was made to them directly.

ID.—TRUST DEED—LEGAL TITLE—ASSIGNMENT FOR BENEFIT OF CREDITORS—ATTACHMENT—SALE UNDER EXECUTION.—A deed of part of the property of the grantor, accompanied by a contemporaneous declaration of trust, showing, among other purposes, that the rents, income, profits, and proceeds of the property deeded were to be applied to pay and discharge certain scheduled debts, omitting one creditor, and that the surplus profits were to be paid to the grantor for life, with remainder to the grantor's children, transferred the legal title to the trustee, and did not constitute an assignment for the benefit of creditors within the meaning of the Civil Code. The title of the trustee was not subject to attachment and sale under execution in favor of the creditor omitted, where it appears that the deed was made in good faith, and not in contemplation of insolvency, nor with any fraudulent intent, and that the omitted creditor at the time of the deed believed the grantor to be solvent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Alexander D. Keyes, and C. E. Hatch, for Appellant.

E. B. and George H. Mastick, and W. B. Treadwell, for Henry W. Heath, Respondent.

"This appeal is by defendant Wilson from a judgment in favor of plaintiff, and comes here on the judgment-roll and a bill of exceptions.

"The action was brought to quiet plaintiff's title to two certain lots of land described in the complaint. On November 20, 1891, the defendant Conly was the owner of the two lots in dispute, and also of three other lots in the city and county of San Francisco, and on said day she conveyed the five lots to plaintiff by a deed absolute in form, which deed was delivered and recorded. Contemporaneously with the execution of the deed, the grantor and grantee verbally agreed that the property thereby conveyed should be held in trust for certain uses and purposes, which were subsequently set forth in an instrument of even date with the deed. This instrument, which may be called the declaration of trust, sets forth the fact of the deed having been made, the description of the parcels of land, and recites that it is held in trust for the following uses and purposes, among others:—

" 'First. To have, hold, and possess all and singular the real property aforesaid, and to lease and demise the same, and to receive the rents, income, and profits thereof;

" 'Second. To grant, bargain, sell, and convey the said real property, or any part thereof, or to exchange the same for other property, and to hold the proceeds thereof and any property received in exchange therefor upon the same trusts;

" 'Third. To mortgage the whole or any portion of the said real property for the purpose of satisfying any valid charge thereon; and with the consent of the said party of the second part, to mortgage the same or any part thereof for any other of the purposes declared in this trust, upon the said party of the second part joining in such mortgage;

" 'Fourth. To apply the rents, income, profits, and proceeds of said real property to the following purposes: 1. To the payment of the taxes, assessments, insurance, and repairs of said property, and the expenses of this trust; 2. To the payment of all liens and charges of every description upon said

property; 3. To the payment and discharge of those certain debts of the party of the second part enumerated in the schedule hereunto appended; 4. The balance or surplus of the said rents, income, and profits to the use of the party of the second part during the term of her natural life; 5. In case, at the time of the death of the said party of the second part, the objects of said trust hereinbefore expressed shall not have been fully accomplished, to apply the balance or surplus of said rents, income, and profits to the use of the children of the party of the second part hereinafter named, in equal shares;

" 'Fifth. No part of the proceeds of any sale or mortgage of said property shall be used by said trustee for any purpose other than those specified in subdivisions 1, 2, and 3, or paragraph fourth hereof; and all the balance, surplus, and remainder of such proceeds, and all of such proceeds, while not immediately needed for said purposes, shall be invested and kept invested by said trustee so as to derive income therefrom, and the said income shall be applied to the purposes to which the income of said property is herein directed to be applied.'

"The declaration of trust then recites and declares that, at the death of the grantor and the full completion of the trusts therein provided, the grantee shall convey the whole, or the remainder, of the property, and the proceeds thereof, together with any unexpended income to certain named children of the grantor, or their children or heirs, in case of the death of any of the children. It then provides further:—

" 'Eighth. All the payments of income herein provided to be made to the said party of the second part, or to her said children, or their husbands, wives, or descendants, shall be made by the party of the first part annually; provided, however, that the said party of the first part may, in his discretion, make such payments of income at more frequent periods;

" 'Ninth. Should the said party of the first part die before the complete execution of these trusts, then the said trusts shall vest in such person or persons as the said party of the first part shall, by deed or will, have appointed as a trustee or trustees; and, failing such appointment, the said property

shall vest in and the said trust shall be executed by a trustee or trustees to be appointed by the superior court of the said city and county of San Francisco, and all the provisions herein contained in favor of said party of the first part, and all the authority hereby vested in him, shall be deemed to be conferred in like manner upon his successors in said trust;

" 'Tenth. The said party of the first part and his successors in said trust shall be entitled, for his and their services in said trust, to such compensation as may be reasonable under · the circumstances.'

"It contains a schedule of the debt, with the names of the various parties to whom they were due and owing, being the debts referred to in subdivision 3 of paragraph four herein recited. These debts were due and owing to sixteen different persons, named in said schedule, and amounted to about $174,000, but appellant's claim was not included in said schedule. Immediately after the execution and delivery of said deed the plaintiff entered into the actual, open, adverse, and exclusive possession thereunder of the property therein described, and has ever since remained in such possession, and has paid all taxes of every kind levied or assessed upon said parcels of land and each of them.

"None of the parties to said declaration of trust, or who are named therein, have ever questioned the said deed or the due execution by the grantee of his duties as trustee under the declaration of trust.

"At the time of making the said deed, the grantor was insolvent, but she did not know she was insolvent, and made the deed in good faith, and not in contemplation of insolvency nor with any fraudulent intent. She was at said time indebted to appellant in the sum of about eighteen hundred dollars, but he did not know that she was insolvent, but, on the contrary, believed her to be solvent.

"After the execution of the said deed and the recording thereof, the indebtedness of Mrs. Conly to appellant steadily increased, until, on the twenty-eighth day of November, 1893, it amounted to over sixteen thousand dollars, at which time appellant commenced an action against her for the sum due him and levied an attachment upon all her right, title, and interest to the real estate in controversy here. In December,

1893, the appellant recovered a judgment against Mrs. Conly for said amount, with interest, which judgment has never been satisfied.

"On April 22, 1898, an execution was duly issued upon said judgment, and at appellant's request it was levied upon all the right, title, and interest of Mrs. Conly in and to the lots in controversy, and in May, 1898, the same were sold at sheriff's sale to appellant, and a certificate of sale in due form was issued to him. He claims title by virtue of said attachment and execution sale, and not otherwise.

"Plaintiff claims title under the deed. The deed, among other things, was made for the purpose of paying the debts due the creditors named in the declaration of trust.

"It is provided in the Civil Code: 'A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another. . . . Nor do the provisions of this title affect the power of a person, although insolvent, and whether residing within or without this state, to transfer property in this state, in good faith, to a particular creditor, for the purpose of paying or securing the whole or a part of a debt owing to such creditor, whether in his own right or otherwise.' (Secs. 3432, 3451.)

"The above provisions expressly authorize a conveyance for the purpose of paying or securing certain creditors. The sections are but a declaration of the rule of the common law. It is founded upon the principle that a man may do as he pleases with his own. It is the well-established rule, settled by all the authorities, that the owner of property, even though insolvent, when there is no bankrupt or insolvent law making a different disposition of it, may lawfully transfer it to the payment of any creditor or creditors, to the exclusion of others. It was said by Justice Field in the early case of *Dana* v. *Stanford*, 10 Cal. 278: 'From the very power which a man possesses over his own property, it follows that he can dispose of it in any manner he may see fit which does not contravene the general policy of the law. That policy restricts the power of disposition, so as to prevent the withdrawal of the property from the claims of his creditors. It is no part of such policy to inhibit its application to the pay-

ment of one debt rather than another. It would, indeed, be unreasonable to deny, on the one hand, the right to give a preference by voluntary payment or security, and to allow, on the other hand, such preference to be acquired by compulsory process of attachment or execution. A conveyance, giving such preference, is not fraudulent, though the debtor be insolvent, and the creditor be aware, at the time, that it will have the effect of defeating the collection of other debts. To avoid the conveyance, there must be a real design on the part of the debtor to prevent the application of his property, in whole or in part, to the satisfaction of his debts. A creditor violates no rule of law when he takes payment or security for his demand, though others are thereby deprived of all means of obtaining satisfaction of their own equally meritorious claims.' And this is the doctrine of all the cases. (*Handley* v. *Pfister*, 39 Cal. 283; [1] *Lawrence* v. *Neff*, 41 Cal. 569; *Priest* v. *Brown*, 100 Cal. 631; *Low* v. *Wortman*, 44 N. J. Eq. 202.)

''It makes no difference that the transfer was made to a trustee and not to the preferred creditors. The transfer was for their benefit, and had the same effect as to third parties as if made to the creditors direct. (*Priest* v. *Brown*, 100 Cal. 631.) The deed, therefore, transferred the legal title to the plaintiff. It has never been set aside nor attacked by any proceedings in insolvency or bankruptcy, or otherwise. Unless the deed is void, the plaintiff is entitled to recover. Appellant claims that the deed and declaration of trust are an attempted assignment for the benefit of creditors, and void because not made in conformity with the provisions of the Civil Code (secs. 3449 to 3473).

''The above sections provide, among other things, that 'an assignment for the benefit of creditors is void against any creditor of the assignor not assenting thereto,' in case it gives a preference of one debt or class of debts over another. They further provide that the assignment must be made to the sheriff of the county where the property is situated. The deed and declaration of trust were not made in conformity with the provisions contained in the sections quoted, and it is conceded that if they constituted an assignment for the

---

[1] 2 Am. Rep. 449.

benefit of creditors the assignment is void. Did they consti-
tute an assignment for the benefit of creditors within the
meaning of the code? There is no doubt but that they con-
tain certain characteristics of an assignment for the benefit
of creditors. They transfer a part of the property of Mrs.
Conly to a trustee, in trust for creditors. But they do more
than this. They reserve a right in and to the property—the
income and the proceeds thereof—for the benefit of the
grantor. The main purpose of the trust was to preserve
the property for the children of the grantor and for her own
support. An absolute conveyance of the property described
was made, but not of all the grantor's property. ˙ The surplus
of the rents and profits was to be paid by the trustee to the
grantor during her life. The surplus from the proceeds of
any sale or mortgage of the property was to be invested and
kept invested by the trustee. The power was given the trus-
tee to exchange the property for other property, the same to
be held subject to the declaration of trust. The conveyance
was not intended as an absolute disposition of the property.
While it transferred the legal title, it transferred it as secur-
ity for the creditors therein named. It expressly declares
that the property was conveyed in trust for the purpose,
among other things, of paying the 'debts of the party of the
second part enumerated in the schedule hereunto appended.'
It is plain that it was not intended as an absolute disposition
of the property; nor was it intended to be an assignment for
the benefit of creditors within the meaning of the act. (*Law-
rence* v. *Neff*, 41 Cal. 566; *Handley* v. *Pfister*, 39 Cal. 283;[1]
*Austin* v. *First National Bank*, 100 Mich. 615; *Martin-Brown
Co.* v. *Sieve & March*, 6 Tex. Civ. App. 237; *Bank* v. *Slayden
& Clarkson*, 8 Tex. Civ. App. 67; *Mills* v. *Pessels*, 55 Fed.
589; *Reagan* v. *Aiken*, 138 U. S. 113.)

"It is claimed that this case falls within the rule laid down
in *Sabichi* v. *Chase*, 108 Cal. 86, in which case the instrument
was declared to be an assignment for the benefit of creditors.
The case here, however  is very different from the facts in
*Sabichi* v. *Chase*. The ⎸ the conveyance to the trustees was
of all the property of  ⎸e debtors, for the benefit of certain
preferred creditors. ( ⎸e of the conditions was, that. the

[1] 2 Am. Rep. 449.

debtors should be released from all liability to the creditors named. The trustees were authorized to carry on the business of the partnership firm, call a meeting of creditors every six months, and report their proceedings to such meeting. It is plain that the conveyance in that case was an assignment of all the property of the assignees for the benefit of creditors. It is true, the instrument provided that the surplus, if any, was to be returned to the assignor, but this would follow as a matter of law in case of any assignment, whether stated in the instrument or not. The court, in the opinion in the above-cited case, adopted the definition given in *Cadwell's Bank* v. *Crittenden,* 66 Iowa, 240: 'If the intention of the debtor is merely to secure his debt to one or more of his creditors, and the conveyance is not intended as an absolute disposition of his property, but he reserves to himself a right therein, the conveyance will be treated as a mortgage, even though the debtor is insolvent at the time, and it covers all his property, and but a portion of his debts are secured by it.' The case at bar falls within the above definition. Appellant contends that the conveyance was made with the intent to hinder, delay, and defraud creditors; but the court expressly finds to the contrary, and the evidence supports the finding. In view of what has been said, it becomes unnecessary to discuss other points.''

McFARLAND, J.—When this case was in Department, the foregoing opinion was prepared. After further consideration, we are satisfied with and adopt the same, and are of the opinion that for the reasons therein given the judgment of the lower court was right. It is therefore not necessary to consider the contention of counsel for respondent that the latter had acquired a perfect title by adverse possession.

The judgment appealed from is affirmed.

Shaw, J., Van Dyke, J., Lorigan, J., Henshaw, J., and Angellotti, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.